Springer, C. J.,
dissenting:
This is an appeal from a custody decision granting Stephen Blaich’s motion to change custody of his child from joint custody to primary custody. Upon the court’s granting Blaich’s motion, Blaich, the father, became the primary custodian of the child. As I see it, the district court’s refusal to permit the mother to take the child away from the primary custodian to be with her in Texas is merely an incident of the custody decision. NRS 125A.350 relates only to primaiy and joint custodians. Since the mother does not have primary custody, she does not have standing to proceed under NRS 125A.350. Consequently, the district court did not err in denying the mother’s motion to remove the child.
The majority opinion is wrong when it asserts that the district court evaluated the mother’s motion to relocate “under the false assumption that it must first determine whether to grant Christine primary physical custody.” The district court made no “false assumption.” As I explain in McGuinness v. McGuinness, 114 Nev. 1431, 970 P.2d 1074 (1998) (Springer, C. J., dissenting), a joint custodian who seeks to remove a child to another state is seeking a change in custody to primary custodian status. Thus, the district court in this case was deciding the issue that was truly before it in this case — if joint custody was no longer an option, who was to be the primary custodian? I see nothing in the record that would prevent the court from granting the father’s motion for primary custody. Thé majority opinion holds that “the district court failed to apply the correct law.” I think that it is this court that has failed to apply the correct law; therefore, I dissent.